## No. 11,680.

POTOSI-CARIBOU MINING Co. *v.* BOULDER CREDIT RATING ASS'N.

Decided November 8, 1926.

Action to recover on assigned claims for wages and insurance premiums. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Defective Proof—New Trial.* Where plaintiff neglected to prove the assignment to it of a claim upon which it obtained judgment, there was no error in granting a new trial for the presentation of such proof.

2.  PLEADING—*Amendment.* Where, on the first trial of a cause, the complaint failed to allege the assignment of the claim upon which action was brought, but such assignment was treated as an issue, there was no error in permitting the complaint to be amended on the second trial so as to allege the assignment.

3.    ASSIGNMENT—*Insurance Policy.* In an action to recover premiums on an insurance policy from the assignee of the policy, record reviewed, and the contention that there was no evidence showing assignment of the policy from the original holder to defendant so as to make the latter liable for premiums, overruled.

4.    INSURANCE—*Premiums.* In an action for premiums on an insurance policy, the contention that the amount due for premiums was not shown, overruled, there being some evidence, and defendant knowing the facts.

*Error to the County Court of Boulder County, Hon. E. J. Ingram, Judge.*

Mr. JOHN R. WOLFF, for defendant in error.

Mr. CLARENCE L. IRELAND, for plaintiff in error

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE credit company, defendant in error, had judgment upon trial to the court upon two causes of action and the mining company, defendant below, brings error and moves for supersedeas.

The first cause of action was for wages, earned by one Sewall and assigned to plaintiff. After judgment for plaintiff counsel asked for a new trial to permit the proof of the assignment which had been overlooked, the new trial was had and judgment rendered again for plaintiff. The grant of this new trial is assigned as error. We see no error. It corrected an error in the interest of justice. The defendant had no vested right in the advantage, if any, which that error gave.

The other cause of action was for premiums earned by the Ocean Accident and Guaranty Company, on an employer's liability policy issued to one Durocher-Stone and assigned by him to the defendant company. The claim was assigned to the plaintiff. After judgment the

plaintiff moved as in the first cause of action for a new trial because it had not proved an assignment of the claim to plaintiff. This was granted, we think without error, for the reasons above stated.

Upon the second trial plaintiff had leave to amend the complaint by stating the assignment of the claim of the insurance company to plaintiff. This is claimed to be an error, but we cannot assent to that claim. The case had been tried on the theory that this assignment was an issue and the amendment was in the interest of justice.

The plaintiff in error claims there was no evidence of an assignment of the policy by the original holder, Durocher-Stone, to the defendant company, but that the evidence is positive that there was no such assignment, but we think the evidence is enough to permit the court to find it.

July 5, 1921, the insurance company issued the policy in question to Durocher-Stone and an advance premium of $50 was paid by him. It covered employer's liability on "mines and mill in Boulder county, Colorado, in the business of mining metalliferous ores with shafts, tunnels or drifts, and ore milling including concentration and amalgamation." It provided for monthly premiums at a fixed ratio to the amount of the monthly payroll. The policy was ordered by Durocher-Stone from one Linsley, local agent in Boulder of the insurance company, with the understanding that a mining company was to be formed to take over said mines and mill and the defendant company was so formed. Linsley in turn ordered it of the general agency in Denver. It was sent to him and he delivered it to one Pherson, who then or shortly before had represented the defendant company in Colorado, and Pherson delivered it to one Clarke, superintendent of defendant company. The dates of these deliveries are not shown. August 1, 1921, the defendant company was formed and took over the operation of the Potosi mine in Boulder county, and Durocher-

Stone became the president and general manager with offices in New Jersey. Said Clarke of Boulder was made superintendent, with authority to hire and discharge men, and he was the sole representative of the defendant company in Colorado.

The president instructed Clarke ''to not do a thing unless we have compensation insurance,'' and he referred to this policy as the one covering the Bluebird mine, and said that it would answer as long as it was in existence and to get it from Mr. Pherson.

October 28, 1921, Linsley wrote Durocher-Stone saying: ''On July 5th we issued a compensation insurance policy covering your operations at the Bluebird mine * * *. Policy conditions provide that we are to have a monthly payroll statement, and we have sent several statements to your representative, Mr. J. W. Pherson, and he advises me that he is no longer connected with the company; also that you are not operating at the Bluebird mine. He referred us to Mr. J. G. Clarke. Mr. Clarke advises us that you have the policy and he is under the impression that you are protected in your operations on the Potosi. If it is your intention to have our policy covering operations on the Potosi mine, will you please so advise me, so that I may have an endorsement attached to the policy. Also fill out the enclosed payroll statement covering all operations under the policy from July 5th to November 1st.''

October 31st Durocher-Stone replied to this letter, saying that the policy should be for the Potosi mine, not for the Bluebird, and saying ''Please advise me about the policy for the Potosi, and we can take up with you then the policy for the other properties but not the Bluebird mine * * *. I will hold this blank statement until I get a reply to this letter.''

November 12th Linsley writes that Mr. Clarke has the policy referred to, it having been turned over to him by Mr. Pherson; that since it is made out in the name of Durocher-Stone it should be assigned to the defendant

company, and enclosed an assignment and asked that it be signed in duplicate and returned one to Clarke and one to the insurance office, and adds: "Wish to state that the policy covers on mining and milling in Boulder county, so that your operations are protected any place in this county."

Durocher-Stone replied to this letter: "Your letter of the 12th inst. was duly received, and since there is a controversy in re the policy you were to issue to me and which I never received and even Mr. Clarke stated he had never received, I will withhold the signing of the assignment to the policy until I have received the policy from Mr. Clarke by due course of mail as I am writing him to send it to me. I want to see the policy personally. As soon as I have had the privilege of reading the policy I will then write you fully and will mail the assignment of 'interest endorsement,' and the statement of payroll as desired."

November 17th he wrote to Clarke asking him to send him the policy. Clarke never sent it, and in January the company cancelled the policy for non-payment of premiums. In December, however, the defendant had demanded, and the insurance company had paid a claim of three dollars for a slight injury to a workman.

The claim of the plaintiff in error, of course, is that Durocher-Stone, original holder, refused to assign the policy until he should see it; that since he never saw it there could be no assignment thereof; but Durocher-Stone was the president and general manager of the defendant company, it is clear from the correspondence that the insurance company regarded itself as liable on its policy for injuries to employees on the Potosi mine and that Durocher-Stone knew this; the policy was in the Potosi company's control, not the insurance company's, yet the defendant company from November 17th to January 28th took no steps to perfect the transfer. The policy was issued to Durocher-Stone with the expectation that a company would be formed and take over the

work, the defendant company was so formed and the insurance company in November by its local agent wrote Durocher-Stone that the policy covered operations on the Potosi mine. The insurance company would have been liable for any accident that took place thereon up to the cancellation, the Potosi company, therefore, received full consideration for the premiums; nothing was wanting but the formal assignment.

We cannot say that the court was not justified in finding that there was sufficient assignment to make the defendant company liable for the premiums.

It is claimed that the amount of the premiums was not shown, but there was some evidence to that end and the defendant was in possession of all evidence on the point.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.